# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2020

Lyle W. Cayce
Clerk

No. 19-30561
Summary Calendar

DWAYNE LUMAR,

      Plaintiff - Appellant

v.

MONSANTO COMPANY,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-13373

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Dwayne Lumar sued his employer, Monsanto Company, pursuant to the Americans with Disabilities Act, alleging Monsanto discriminated against him and subjected him to a hostile work environment because he is morbidly obese. The magistrate judge issued a carefully detailed opinion and granted summary judgment in Monsanto's favor. Lumar appeals and we need only address a threshold issue in order to affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30561

We review the grant of summary judgment *de novo*, applying the same standard as the district court. *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Lumar remains an employee of Monsanto and has received several promotions. Still, he contends Monsanto violated the ADA by "commit[ing] acts of discrimination against [Lumar] and creat[ing] a hostile work environment due to his morbid obesity." Monsanto contends the district court properly granted summary judgment on Lumar's ADA discrimination and hostile work environment claims because, *inter alia*, Lumar failed to show that his obesity qualifies as a disability.

Lumar's discrimination and hostile work environment claims both require a *prima facie* showing that Lumar is disabled. *See Rodriquez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016) (discrimination); *see also Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (hostile work environment). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Lumar insists that his morbid obesity qualifies as a disability.[1] But even assuming that Lumar's obesity is a physical impairment, there is no evidence that his weight limits his life activities in any

---

[1] Lumar alternatively contends that, even if his obesity does not qualify as an actual disability, Monsanto regarded him as being disabled. But, as the lower court found, Lumar's regarded-as theory of recovery was not administratively exhausted and was asserted for the first time in response to Monsanto's motion for summary judgment. We therefore decline to consider it. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (citing *Greenberg v. Crossroads Sys, Inc.*, 364 F.3d 657, 669 (5th Cir. 2004))).

No. 19-30561

way, and Lumar testified emphatically that it does not. Thus, Lumar has not shown that he suffers from a disability, and summary judgment was proper on Lumar's ADA discrimination and hostile work environment claims. *See Tucker v. Unitech Training Acad., Inc.*, 783 F. App'x 397, 399–400 (5th Cir. 2019).[2]

Accordingly, the judgement of the district court is **AFFIRMED**.

---

[2] Although *Tucker* is an unpublished opinion and is not therefore binding on the court, it is useful evidence of the court's treatment of this issue.